Douglas C. Smith, Esq. (State Bar No.160013)
dsmith@smitlaw.com
SMITH LAW OFFICES, APC
4204 Riverwalk Parkway, Suite 250
Riverside, California 92505
Telephone: (951) 509-1355
Facsimile: (951) 509-1356

Attorneys for Defendant
COUNTY OF RIVERSIDE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. BOYD; F.M.B., a minor, by and through his Guardian ad Litem, Michele L. Salazar,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF RIVERSIDE; COUNTY OF RIVERSIDE DEPARTMENT OF PUBLIC SOCIAL SERVICES-CHILDREN'S SERVICES DIVISION, JORGE GUZMAN, JUAN JAIMES, and Does 1 through 10 Inclusive<br><br>　　　　　Defendants.<br>_____ | CASE NO.: EDCV13-02323 JAK (AJWx)<br><br>**ORDER RE: APPLICATION AND STIPULATION FOR PROTECTIVE ORDER REGARDING DISCLOSURE OF JUVENILE CASE/COURT RECORDS**<br><br>*Complaint filed on 12/19/13* |

COMES NOW THIS COURT, having reviewed the Parties' Application and Stipulation for Protective Order, and having found good cause shown, hereby GRANTS the Application, and hereby orders as follows:

The parties in the civil action entitled *Debbie L. Boyd, F.M.B. a minor by and through his Guardian Ad Litem, Michele L. Salazar vs. County of Riverside et al.*, United States District Court, Case No. EDCV13-02323JAK(AJWx) (hereinafter "Civil Action") by and through their respective attorneys of record, and the parties in the instant Dependency matter involving Minor, Fletcher B., Case No. RIJ1400568 (hereinafter "Dependency Action"), by and through their

1 respective attorneys of record, apply and submit this stipulation as follows:

2     1.    This order, in accordance with the procedures stated herein,
3 allows the parties to copy and use all documents in the Riverside County
4 Department of Public Social Services Agency's Juvenile Case File (as described in
5 California Rule of Court Rule 5.552, and in COUNTY'S and BOYD'S Welfare and
6 Institutions Code section 827 and 828 Petitions) for purposes of their pending Civil
7 Action.  Said documents to include, but are not limited to, the Juvenile Court's
8 transcripts, if applicable; the County of Riverside Public Social Services Agency
9 (DPSS) files, folders and records, including all files and records of any social
10 workers and DPSS employees and/or contractors involved in the matter; all
11 records, documents, computer information, photographs, video tapes, audio tapes,
12 exhibits, and other tangible items; related to the instant dependency action and
13 proceedings involving Minor, Fletcher M.

14     2.    Within 14 days of the execution of this Order, unless the time is
15 otherwise extended for Good Cause, the COUNTY/DPSS will provide to Doug
16 Smith, Esq., (hereinafter "Counsel for County defendants") all of the
17 aforementioned DPSS Juvenile Case File materials, including all related case files
18 and documents (in the manner kept in the normal course of business), as well as all
19 CWS/CMS files and records, including Delivered Service Logs, in connection with
20 the Dependency Action. If practicable, the County shall separate the court-filed
21 documents and information from the other documents and information prior to
22 delivery to Counsel for County defendants.

23     3.    Counsel for County defendants  will then promptly arrange to
24 have all documents/materials received from the County/DPSS electronically bates
25 stamped using Adobe Acrobat software or similar software, and in a format
26 acceptable to the parties to the Civil Action.  Any information or documents
27 withheld by Counsel for County defendants based on privilege shall be
28 appropriately identified in a privilege log provided to all parties to the Civil

1  Action, to include a description of each such redaction and the basis for the
2  redaction for the parties and the Court's consideration.  All tangible items including
3  tapes, disks, photographs and the like shall be digitally copied and identified.
4  Within 21 days of Counsel for County defendants' receipt of the
5  documents/materials from the County/DPSS, unless the time is extended for Good
6  Cause, Counsel for County defendants will then distribute all non-privileged
7  documents and information to all parties on either a disk or hard copy, or both, as
8  requested, along with any privilege log, if applicable.
9        4. That the parties (by either written request or Subpoena if
10 necessary) may contact the State of California CWS/CMS system and obtain a
11 copy of this case's related CWS/CMS Computer Transaction History (activity
12 logs); and County shall provide to BOYD'S counsel the applicable User
13 Identifications and Transaction Codes and Identifications related to said
14 CWS/CMS Computer Transaction History (activity logs); for use in this Civil
15 Action under this order.
16       5. That any not yet transcribed transcripts of any Court
17 proceedings not included in the above referenced documents related to this matter
18 may be ordered by either of the parties for copy and use in the Civil Action under
19 this Order.
20       6. That this Protective Order shall apply to the above documents
21 and items which shall be made available to all counsel in the Civil Action by the
22 procedures and methods set forth herein:
23       A. Counsel shall not convey, transfer, publish, distribute,
24 copy, duplicate or disseminate the documents and items so provided except as may
25 be reasonably necessary for the prosecution of this litigation; and all persons given
26 access to the documents and items shall only use the documents and items, and
27 information therein, for the limited purpose of the Civil Action.
28 ///

1     B. Except as necessary in the Civil Action, the released
2 documents and items, and information contained therein, shall not be disclosed to
3 anyone other than the parties, their counsel (including investigators and adjusters),
4 experts, witnesses, and if applicable, the insurance carrier/claims adjustors and
5 related personnel of defendants;
6     C. Prior to the dissemination of any documents or items,
7 including the information therein, pursuant to this order, counsel for the Parties
8 shall inform such person of the terms and conditions of this order and secure such
9 person's agreement to be bound by it.
10     D. Parties, parties' counsel, and parties' investigators,
11 consultants and experts, are expressly prohibited from duplicating, copying or
12 otherwise distributing or disseminating any of the disclosed documents and items,
13 and information therein, to any person or entity.
14     E. Counsel for each party shall take reasonable precaution
15 to prevent the unauthorized or inadvertent disclosure of any of the protected
16 documents, items, and information.
17     F. In the event anyone shall violate or threaten to violate
18 any terms of this Protective Order, the aggrieved party may immediately apply to
19 obtain injunctive relief and monetary sanctions to this court against any such
20 person violating or threatening to violate any of the terms of this order.  This court
21 shall retain jurisdiction over the parties and any other persons subject to the terms
22 of this order for the purpose of enforcing this Protective Order.  The court shall
23 have the power to impose whatever penalties it deems appropriate for the violation
24 of said order, including, but not limited to, monetary and judicial sanctions and
25 contempt.
26     G. This Protective Order shall survive the final termination
27 of this action, to the extent that the information disclosed remains confidential and
28 does not become known to the public.  The court shall retain jurisdiction to resolve

1  any dispute concerning the use of the information disclosed herein, and to impose
2  whatever penalties it deems appropriate for the violation of this Protective Order,
3  including, but not limited to, monetary and judicial sanctions and contempt.
4          H.      Upon conclusion of the matter, all released documents
5  are to be destroyed.
6  **SO ORDERED.**
7  DATED: September 15, 2014

_____
HONORABLE ANDREW J. WISTRICH
United States Magistrate Judge